BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant and Counter-Claimant Citizens of Humanity, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITIZENS OF HUMANITY, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:19-cv-06078-CJC (MRWx)<br>Hon. Cormac J. Carney<br><br>**CITIZENS OF HUMANITY, LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES; COUNTER-CLAIMS; AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: July 15, 2019 |
| CITIZENS OF HUMANITY, LLC, a Delaware limited liability company,<br><br>Counter-Claimant.<br><br>vs.<br><br>BACKGRID USA, INC., a California corporation,<br><br>Counter-Defendant. | |

1318706.1

Case No. 2:19-cv-06078-CJC (MRWx)

DEFENDANT AND COUNTER-CLAIMANT CITIZENS OF HUMANITY, LLC'S ANSWER TO COMPLAINT; COUNTER-CLAIMS; AND DEMAND FOR JURY TRIAL

1        Defendant Citizens of Humanity, LLC ("Citizens" or "Defendant"), by and
2   through its counsel of record, hereby answers the allegations in plaintiff Backgrid
3   USA, Inc.'s ("Backgrid" or "Plaintiff") Complaint as follows.

4        1.     Defendant admits that this is a civil action claiming copyright
5   infringement and that the Court has subject matter jurisdiction.

6        2.     Defendant admits that venue is proper in this district.

7        3.     Defendant lacks sufficient information and belief to admit or deny the
8   allegations in this paragraph and, on that basis, denies them.

9        4.     Defendant admits that its principal place of business is at 5715 Bickett
10  Street, Huntington Park, CA 90255, but otherwise denies the allegations in
11  paragraph 4.

12       5.     Defendant lacks sufficient information and belief to admit or deny the
13  allegations in this paragraph and, on that basis, denies them.

14       6.     Defendant lacks sufficient information and belief to admit or deny the
15  allegations in this paragraph and, on that basis, denies them.

16       7.     Defendant lacks sufficient information and belief to admit or deny the
17  allegations in this paragraph and, on that basis, denies them.

18       8.     Defendant lacks sufficient information and belief to admit or deny the
19  allegations in this paragraph and, on that basis, denies them.

20       9.     Defendant admits that: (a) it uses the brand names "Citizens of
21  Humanity" and "AGOLDE"; (b) it is an apparel manufacturer with an online store;
22  (c) it sells in retailers such as Anthropologie, Barney's New York, Macy's, Neiman
23  Marcus, and Nordstrom; and (d) that paragraph 9 partially quotes from statements
24  on the Citizens website. Defendant otherwise denies the remaining allegations and
25  implications in paragraph 9.

26       10.    Defendant lacks sufficient information and belief to admit or deny the
27  allegations in this paragraph and, on that basis, denies them.

28       11.    Defendant denies that it "appropriated for itself" any copyrighted

works.  That Defendant did not obtain a license is a legal question and thus Defendant lacks sufficient information and belief to admit or deny and, on that basis, denies.

12. Defendant incorporates by reference its response to the allegations of paragraph 1 through 11 above as though set forth fully herein.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. That Defendant did not have permission, license, or consent from BackGrid to use the photographs in question is a legal question and thus Defendant lacks sufficient information and belief to admit or deny and, on that basis, denies.

16. Defendant denies the allegations in paragraph 16.

17. Defendant incorporates by reference its response to the allegations of paragraph 1 through 16 above as though set forth fully herein.

18. The statements made in paragraph 18 are statements of law and thus Defendant lacks sufficient information and belief to admit or deny and, on that basis, denies.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

## **AFFIRMATIVE DEFENSES**

Defendant further alleges the affirmative defenses set forth below.  Defendant reserves the right to amend this Answer to assert any and all additional claims and defenses when, and if warranted, in the course of further discovery, investigation, and/or preparation for trial.

1318706.1

-2-   Case No. 2:19-cv-06078-CJC (MRWx)

DEFENDANT AND COUNTER-CLAIMANT CITIZENS OF HUMANITY, LLC'S ANSWER TO COMPLAINT; COUNTER-CLAIMS; AND DEMAND FOR JURY TRIAL

## FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

25. The Complaint, and each and every alleged claim for relief therein, is barred by the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

### (Fair Use)

26. The Complaint, and each and every alleged claim for relief therein, is barred by the doctrine of fair use.

## THIRD AFFIRMATIVE DEFENSE

### (Fraud on the Copyright Office)

27. The Complaint, and each and every alleged claim for relief therein, is barred by Plaintiff's fraud on the Copyright Office.

## FOURTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

28. The Complaint, and each and every alleged claim for relief therein, is barred by Plaintiff's misuse of the alleged copyrights.

## FIFTH AFFIRMATIVE DEFENSE

### (Invalidity/Ownership of Copyrights)

29. The Complaint, and each and every alleged claim for relief therein, is barred because the asserted copyrights are invalid and/or because Plaintiff is not the valid owner of the alleged copyrights.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

30. The Complaint, and each and every alleged claim for relief therein, is barred in whole or in part because Plaintiff lacks standing to sue.

## ADDITIONAL DEFENSES

31. In addition to the defenses set forth above, Citizens reserves the right to raise, assert, and rely upon any and all other defenses that may apply, pending the outcome of further investigation and discovery in this matter.

## PRAYER FOR RELIEF

Whereby, Defendant prays for relief on Plaintiff's Complaint as follows:

A. That Plaintiff take nothing from its Complaint;

B. For an Order dismissing the Complaint with prejudice;

C. For an award of attorneys' fees, costs, and expenses in this action; and

D. For all such other and further relief as the Court may deem just and proper.

## COUNTER-CLAIMS

## THE PARTIES

1. Counter-Claimant Citizens of Humanity, LLC ("Citizens" or "Counter-Claimant"), is a Delaware limited liability company with its principal place of business in Los Angeles County, California.

2. Counter-Defendant BackGrid USA, Inc. ("BackGrid" or "Counter-Defendant"), has alleged that it is a California corporation with its principal place of business in Los Angeles County, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1338 in that two of the counter-claims arise under the federal Copyright Act. This Court has subject matter over the two state-law counter-claims based on 28 U.S.C. section 1367 in that the state-law counter-claims are related to the federal claims and form part of the same case or controversy.

4. Venue is proper in this district under 28 U.S.C. sections 1391(b) and (c) in that BackGrid claims it resides here, and a substantial part of the events or omissions giving rise to the counter-claim occurred here.

5. This Court has personal jurisdiction over BackGrid in that BackGrid is a California corporation with its principal place of business in California.

## FACTUAL BACKGROUND

6. On April 29, 2018, Citizens received a demand letter from a company called Okularity, which held itself out as a representative of BackGrid. The letter accused Citizens of posting on its Instagram page three photographs that purportedly infringed upon photographs owned by BackGrid. The three photographs in question appeared to be paparazzi shots of Zayn Malik, Sofia Richie, and Jessica Biel. All three celebrities were wearing Citizens apparel in the photographs.

7. Prior to receipt of the April 29 letter, Citizens was unaware of BackGrid or any rights purportedly held by BackGrid in the photographs. Upon receiving the April 29 letter, and despite questioning the validity of BackGrid's claimed rights, Citizens promptly removed the three photographs from its Instagram account and agreed not to use them again.

8. BackGrid nevertheless persisted with repeated requests for money, emphasizing in particular that two of the three photographs in question were registered copyrights and thus purportedly exposed Citizens to statutory damages of up to $150,000 per work for willful infringement.

9. Citizens refused to agree to what it believed were monetary demands of BackGrid that were unjustified and would have resulted in BackGrid receiving an unearned windfall.

10. On May 16, 2019, Brian K. Brookey of Tucker Ellis LLP emailed counsel for Citizens. Mr. Brookey stated that he represented BackGrid. Even though the three photographs at issue had been removed from Citizens's Instagram account over a year earlier, Mr. Brookey stated: "Because Citizens of Humanity continues to disregard BackGrid's intellectual property rights, we have drafted and are prepared to file the attached complaint for copyright infringement. Before we do so, we would like to give your client one last chance to negotiate a resolution in

good faith.  Please let me know if your client is willing to finally do so, and if not, whether you are authorized to accept service of the summons and complaint.  I will be out of the office for a while."

11. Unbeknownst to Citizens at the time, BackGrid was taking other, unlawful actions to try to "motivate" Citizens to settle on BackGrid's terms.

12. On May 16, 2019 (i.e., the same day as Mr. Brookey sent his email), and continuing over the following few days, BackGrid sent Instagram eight separate notices of copyright infringement (i.e., NOCIs) related to eight photographs on Citizens's Instagram accounts.  Most of the eight photographs had been posted years before.  The eight photographs were different from the three photographs that had been the subject of the parties' prior communications.

13. On information and belief, BackGrid knew that it did not own copyrights in the eight photographs that were the subject of its May 2019 NOCIs, but submitted the fraudulent NOCIs to Instagram in a deliberate scheme to place Citizens's Instagram accounts in jeopardy of being disabled by Instagram.  Alternatively, even if BackGrid believed it owned copyrights in some or all of the eight photographs, BackGrid did not believe that Citizens's activity was infringing.

14. On information and belief, BackGrid submitted a separate takedown notice for each individual photograph on multiple days intentionally.  BackGrid did so to try to mislead Instagram into finding that Citizens is a "repeat infringer" whose accounts required disabling.

15. On information and belief, from past experience, BackGrid knew that Instagram would be more likely to disable an account in response to multiple NOCIs submitted separately on multiple days because that manner of submission created the (false) impression of a deliberate infringer unwilling to stop despite prior takedowns.

16. On information and belief, BackGrid deliberately engaged in its fraudulent scheme to pressure Citizens to pay off BackGrid to withdraw the NOCIs

and thus ensure the continued viability of its Instagram accounts. In essence, through the fraudulent NOCIs, BackGrid took Citizens's Instagram pages hostage and would not consent to their release absent Citizens paying a ransom.

17. BackGrid's fraudulent scheme at first seemed to go according to plan. On May 29, 2019, Citizens discovered email notifications from Instagram disclosing the bad-faith NOCIs submitted by BackGrid and Instagram's removal of the eight images that were the subject of the NOCIs. That same day, Instagram informed Citizens that its five Instagram accounts would be deleted (and thus unavailable to the hundreds of thousands of followers of the accounts). In explanation, Instagram stated that "we've removed photos or videos from your Instagram account(s) several times because we've received reports that content your account(s) have posted have infringed someone else's intellectual property rights." In other words, by submitting multiple, separate NOCIs on different days, as opposed to a single NOCI with all eight photographs, BackGrid had succeeded in misleading Instagram into mistakenly deeming Citizens a "repeat infringer" worthy of expulsion from Instagram.

18. On June 2, counsel for Citizens wrote Mr. Brookey an email expressing surprise that Mr. Brookey had not mentioned the eight photographs that were the subject of the NOCIs when he had written his May 16 letter enclosing a draft complaint for copyright infringement. Citizens's counsel requested from Mr. Brookey "all information and documents, including but not limited to copyright registrations and assignments, in BackGrid's possession related to Back Grid's claimed ownership of the photographs that Back Grid demanded Instagram to take down from Citizens' pages." Mr. Brookey refused to provide the requested proof of the validity of BackGrid's NOCIs.

19. Over the next several weeks, counsel for Citizens tried in vain to convince Instagram to withdraw its threat to disable Citizens's accounts. Even though Citizens noted that the NOCIs were devoid of underlying evidence and

appeared to be submitted in bad faith, Instagram would not budge.

20. Instagram's outside lawyer ultimately instructed Citizens's counsel to submit a formal DMCA counter-notification disputing the eight NOCIs.

21. On June 28, Citizens's counsel submitted the formal counter-notification as instructed. Nevertheless, later that same day, Citizens learned, much to its shock and dismay, that Instagram had disabled Citizens's five Instagram accounts anyway.

22. When pressed for answers, Instagram stated that it would restore the accounts if BackGrid did not, within 14 business days of the counter-notification, file a lawsuit "seeking a court order to restrain you from engaging in infringing activity on Facebook related to that content."

23. On July 15, BackGrid filed the above-captioned lawsuit against Citizens. BackGrid did not, however, accuse Citizens of infringing any of the eight alleged copyrights that had been the subject of the NOCIs. Nor did BackGrid seek "a court order to restrain [Citizens] from engaging in infringing activity on Facebook related to that content."

24. On information and belief, BackGrid notified Instagram of the filing of the lawsuit in a bad-faith attempt to mislead Instagram into believing that BackGrid had filed suit related to the eight photographs that had been the subject of the NOCIs and thus to deceive Instagram into continuing to disable Citizens's accounts.

25. On July 19 – i.e., 14 business days following submission of the counter-notification – counsel for Citizens wrote to counsel for Instagram. Counsel for Citizens noted that, despite the passage of 14 business days, BackGrid had not filed a lawsuit related to the photographs that were the subject of the counter-notifications. Counsel for Citizens thus renewed Citizens's demand that Instagram restore its accounts.

26. On July 23, Instagram's lawyer responded that Instagram was "looking into this" and that she "expect[ed] to be in touch shortly."

27. On July 24, Instagram restored all Citizens accounts.

28. Citizens is a leading fashion brand with customers and fans worldwide. Citizens relies on social media, including Instagram, to promote its products and brand worldwide. Indeed, Citizens's Instagram accounts, in combination, have traditionally had over 270,000 followers, and Citizens regularly generates sales that are attributable to its Instagram sites. The disabling of Citizens's Instagram accounts for nearly a month thus caused Citizens harm in the form of lost profits, harm to its reputation and goodwill, and attorney's fees and other costs incurred in a multi-week campaign to restore the accounts.

## FIRST COUNTER-CLAIM

### (Violation of 17 U.S.C. §512(f))

29. Citizens incorporates by this reference the allegations set forth above as though set forth fully herein.

30. By issuing takedown notices to Instagram in May 2019, BackGrid knowingly and materially misrepresented that eight photographs on Citizens's Instagram pages infringed upon copyrights owned by BackGrid.

31. BackGrid issued its takedown notices to Instagram knowing that it did not own copyrights in the photographs described in the takedown notices.

32. Alternatively, even if BackGrid believed it owned copyrights in some or all of the eight photographs, BackGrid did not believe that Citizens's activity was infringing.

33. BackGrid issued its takedown notices in a bad-faith scheme to gain leverage against Citizens in pending, unrelated settlement negotiations and thus to extract an unjust and unwarranted settlement payment from Citizens.

34. Instagram relied upon BackGrid's misrepresentations in disabling access to Citizens's Instagram accounts.

35. Due to BackGrid's bad-faith takedown notifications that resulted in the disabling of access to Citizens's Instagram accounts, Citizens suffered damages in

the form of lost profits, harm to its goodwill and reputation, and attorney's fees and costs.

## SECOND COUNTER-CLAIM

### (Intentional Interference with Contract)

36. Citizens incorporates by this reference the allegations set forth above as though set forth fully herein.

37. Citizens and Instagram's owner, Facebook, had a valid contract pursuant to which Instagram agreed to provide social media services to Citizens in exchange for Citizens complying with Instagram policies.

38. BackGrid had knowledge of Citizens's contract with Facebook.

39. BackGrid engaged in intentional acts designed to induce a breach or disruption of the contractual relationship. Specifically, on information and belief, BackGrid: (a) demanded that Instagram disable Citizens's accounts or expose itself to potential liability; and (b) deceived Instagram into believing BackGrid had filed suit against Citizens based on photographs that had been the subject of prior NOCIs, thus ensuring Citizens's accounts would remain disabled. BackGrid engaged in these actions for the primary purpose of pressuring Citizens to pay BackGrid money.

40. BackGrid's intentional acts resulted in an actual breach or disruption of the contractual relationship between Citizens and Instagram – namely, the disabling of Citizens's Instagram accounts for weeks and harm to the goodwill Citizens had generated with Instagram over the years.

41. Due to BackGrid's misconduct, Citizens suffered damages in the form of lost profits, harm to its goodwill and reputation, and attorney's fees and costs.

42. Citizens is informed and believes, and thereon alleges, that BackGrid committed the foregoing acts with the intention of depriving Citizens of its legal rights, with oppression, fraud, and/or malice, and in conscious disregard of Citizens's rights. Citizens is, therefore, entitled to an award of exemplary and

punitive damages, according to proof.

## THIRD COUNTER-CLAIM

### (Intentional Interference with Prospective Economic Advantage)

43. Citizens incorporates by this reference the allegations set forth above as though set forth fully herein.

44. Citizens and viewers of Citizens's Instagram sites have an economic relationship that is likely to result in future economic benefit to Citizens in the form of product sales and profits, positive promotion, and goodwill.

45. BackGrid had knowledge of Citizens's potential economic relationship with viewers of Citizens's Instagram sites.

46. BackGrid engaged in intentional acts designed to induce a breach or disruption of the potential economic relationships between Citizens and viewers of Citizens's Instagram sites. Specifically, on information and belief, BackGrid: (a) demanded that Instagram disable Citizens's accounts or expose itself to potential liability; and (b) deceived Instagram into believing BackGrid had filed suit against Citizens based on photographs that had been the subject of prior NOCIs, thus ensuring Citizens's accounts would remain disabled. BackGrid engaged in these actions for the primary purpose of pressuring Citizens to pay BackGrid money.

47. BackGrid's intentional acts resulted in an actual breach or disruption of the relationship between between Citizens and viewers of Citizens's Instagram sites, which could not access the sites for weeks.

48. Due to BackGrid's misconduct, Citizens suffered damages in the form of lost profits, harm to its goodwill and reputation, and attorney's fees and costs.

49. Citizens is informed and believes, and thereon alleges, that BackGrid committed the foregoing acts with the intention of depriving Citizens of its legal rights, with oppression, fraud, and/or malice, and in conscious disregard of Citizens's rights. Citizens is, therefore, entitled to an award of exemplary and punitive damages, according to proof.

1318706.1
-11-
Case No. 2:19-cv-06078-CJC (MRWx)
DEFENDANT AND COUNTER-CLAIMANT CITIZENS OF HUMANITY, LLC'S ANSWER TO COMPLAINT; COUNTER-CLAIMS; AND DEMAND FOR JURY TRIAL

## FOURTH COUNTER-CLAIM

### (Declaratory Relief)

50. Citizens incorporates by this reference the allegations set forth above as though set forth fully herein.

51. There is an actual case or controversy concerning Citizens's right to use the four photographs that are the subject of BackGrid's complaint in this matter and the eight photographs that were the subject of the NOCIs described above.

52. Citizens contends that BackGrid does not own valid copyrights in any of the photographs, and BackGrid has contended that it does own valid copyrights in the photographs and that Citizens infringes upon BackGrid's rights by publishing those photographs.

53. Accordingly, Citizens respectfully requests, pursuant to 28 U.S.C. section 2201, that the Court declare that BackGrid does not own valid copyrights in the photographs at issue and/or that Citizens is not infringing upon any valid copyright by using those photographs.

## PRAYER FOR RELIEF

Whereby, Citizens prays for judgment against Backgrid on its Counter-Claims as follows:

A. For compensatory damages in an amount to be proven at trial;

B. For a declaratory judgment that BackGrid does not own valid copyrights in the photographs at issue and that Citizens is not infringing upon any rights of BackGrid by publishing those photographs;

C. For attorney's fees and costs;

D. For pre-judgment and post-judgment interest; and

E. For such other and further relief as the Court may deem just and proper under the circumstances.

1318706.1

-12-   Case No. 2:19-cv-06078-CJC (MRWx)
DEFENDANT AND COUNTER-CLAIMANT CITIZENS OF HUMANITY, LLC'S ANSWER TO COMPLAINT; COUNTER-CLAIMS; AND DEMAND FOR JURY TRIAL

| | | |
|---|---|---|
| 1 | DATED:  August 21, 2019 | BROWNE GEORGE ROSS LLP |
| 2 | | Peter W. Ross |
| 3 | | Keith J. Wesley |
| 4 | | |
| 5 | | By:   s/ Keith J. Wesley |
| 6 | | Attorneys for Defendant and Counter-Claimant Citizens of Humanity, LLC |

1318706.1

-13-   Case No. 2:19-cv-06078-CJC (MRWx)

DEFENDANT AND COUNTER-CLAIMANT CITIZENS OF HUMANITY, LLC'S ANSWER TO COMPLAINT; COUNTER-CLAIMS; AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Citizens hereby demands trial by jury as to all issues in this action triable by a jury.

DATED: August 21, 2019

BROWNE GEORGE ROSS LLP
Peter W. Ross
Keith J. Wesley

By:     s/ Keith J. Wesley

Attorneys for Defendant and Counter-Claimant Citizens of Humanity, LLC