TUCKER ELLIS LLP
Brian K. Brookey - SBN 149522
brian.brookey@tuckerellis.com
Steven E. Lauridsen - SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:	213.430.3400
Facsimile:	213.430.3409

Attorneys for Plaintiff and Counter-defendant,
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., | Case No. 2:19-cv-06078-CJC (MRWx) |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | |
| CITIZENS OF HUMANITY, LLC, | |
| Defendant. | Hon. Cormac J. Carney |
| CITIZENS OF HUMANITY, LLC, | |
| Counterclaimant, | |
| v. | |
| BACKGRID USA, INC., | |
| Counter-defendant. | |

On September 26, 2019, Steven E. Lauridsen and Brian K. Brookey of Tucker Ellis LLP, counsel of record for Plaintiff BackGrid USA, Inc., and Keith J. Wesley of Browne George Ross LLP, counsel of record for Defendant Citizens of Humanity, LLC, engaged in a conference pursuant to Rule 26(f), the Court's August 26, 2019 Notice of Intent, and the local rules of this Court.

The parties submit this joint report of their conference.

## I. SHORT FACTUAL STATEMENT OF CLAIMS AND DEFENSES

### A. Plaintiff's Contentions

Plaintiff owns and operates one of Hollywood's largest celebrity-photograph agencies and has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers, and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

Defendant operates under the brand names "Citizens of Humanity" and "AGOLDE" and is an apparel manufacturer with an online store and numerous lucrative partnerships with brick and mortar retailers such as Anthropologie, Barney's New York, Fred Segal, Macy's, Neiman Marcus, and Nordstrom in the Los Angeles area alone. On its website, Citizens of Humanity boasts that it is "one of the very few vertically integrated denim production facilities in the United States," meaning it "manufacture[s] everything at [its] own sewing and laundry facilities—all located within 15 minutes of [its] Los Angeles based design studio, giving [it] complete control over the quality of [its] products." Through various media outlets, Defendant has posted online illegal copies of Plaintiff's protected photographs. Plaintiff contends that Defendant's conduct is and was willful.

In its counterclaims, Defendant asserts that Plaintiff sent improper takedown notices to Instagram, LLC, resulting in a variety of claims and damages. In particular, Defendant asserts that Plaintiff fraudulently informed Instagram, LLC that certain infringing images Defendant had posted on Instagram's platform were the subject of this action. This is demonstrably false.

It is true that, pursuant to the DMCA, Plaintiff sent Instagram takedown notices concerning infringing posts not subject to this action, though those notices were sent before this action commenced. It is also true to Plaintiff's understanding that Instagram apparently decided to suspend Defendant's Instagram accounts. From there, however, the facts diverge from the allegations in the counterclaim.

At no point did Plaintiff state to Instagram that the images subject to the takedown notices were also the subject of this action. In fact, the day Plaintiff was made aware of Defendant's counter-notifications, Plaintiff informed Instagram that Plaintiff did not object to the restoration of Defendant's accounts based on Defendant's representations in its counter-notifications, which stated that "Citizens of Humanity does not request restoration of the content and has no intention of re-posting the photographs that were taken down."

To Plaintiff's knowledge, Instagram reactivated Defendant's accounts the same day. As these facts show, at no point did Plaintiff represent to Instagram that the photographs that were the subject of the takedown notices were at issue in this action. Defendant's counterclaim is therefore based entirely on Defendant's unsupported conjecture concerning its limited knowledge of the facts.

**B.   Defendants' Contentions**

Defendant/Counter-Claimant Citizens of Humanity, LLC is a leading fashion brand with customers and fans worldwide.  Citizens in part relies on social media, including Instagram, to promote its brand and products.  Indeed, Citizens's Instagram accounts, in combination, have traditionally had over 270,000 followers, and Citizens generates sales that are attributable to its Instagram sites.

On April 29, 2018, Citizens received a demand letter from a representative of Plaintiff/Counter-Defendant BackGrid. The letter accused Citizens of posting on its Instagram page three specific photographs that purportedly infringed upon photographs owned by BackGrid. Although Citizens was unaware of BackGrid or any rights purportedly held by BackGrid in the photographs, Citizens promptly removed the three photographs from its Instagram account and agreed not to use them again. Nevertheless, BackGrid persisted with repeated requests for money, which lasted throughout 2018 and into 2019.

On May 16, 2019, Citizens received an email from counsel for Backgrid. The email attached a draft complaint for copyright infringement, and indicated that it would be filed unless Citizens agreed to Backgrid's monetary demands. Unbeknownst to Citizens, the same day Backgrid's counsel sent his email, and continuing over the following few days, BackGrid sent Instagram eight separate notices of copyright infringement (i.e., NOCIs) related to eight different photographs on Citizens's Instagram accounts. The eight photographs were completely unrelated to the three photographs that had been the subject of the parties' prior communications. Backgrid has refused to provide any evidence relating to its ownership of copyrights for the eight photographs. Consequently, Citizens believes Backgrid does not possess copyrights relating to the eight photographs in question, but fraudulently submitted the NOCIs as part of a deliberate scheme to pressure Citizens by placing Citizens's Instagram accounts in jeopardy of being disabled. Citizens further believes the NOCIs were sent to Instragram in a manner calculated to maximize the likelihood that Instagram would disable Citizens's account. In essence, through the fraudulent NOCIs, BackGrid took Citizens's Instagram pages hostage and would not consent to their release absent Citizens paying a ransom.

On May 29, 2019, Citizens was surprised to receive a message from Instagram stating that it had removed eight images from Citizen's Instagram page as a result of NOCIs submitted by Backgrid. That same day, Instagram informed Citizens that its

five Instagram accounts would soon be deleted (and thus unavailable to the hundreds of thousands of followers of the accounts).

Counsel for Citizens spent the next few weeks trying to convince Instagram not to disable Citizens' accounts, and even submitted a formal DMCA counter-notification disputing the eight NOCIs. Nonetheless, on June 28, Instagram disabled Citizens' five Instagram accounts anyway. However, Instagram stated that it would restore the accounts if BackGrid did not, within 14 business days of the counter-notification, file a lawsuit "seeking a court order to restrain you from engaging in infringing activity on Facebook related to that content."

True to form, on July 15, BackGrid filed the complaint that initiated this litigation. Notably, the complaint did not accuse Citizens of infringing any of the eight alleged copyrights that had been the subject of the NOCIs. However, Citizens has reason to believe that the lawsuit was filed within the 14 business days and sent to Instagram in a bad-faith attempt to deceive Instagram into continuing to disable Citizens's accounts. On July 19, counsel for Citizens contacted Instagram and informed them that the lawsuit filed was unrelated to the eight photographs that were the subject of the NOCIs, and on July 24, Instagram restored all of Citizens's accounts.

## II. ADDITIONAL PARTIES OR AMENDED PLEADINGS

The parties do not anticipate adding parties or amending pleadings.

## III. SETTLEMENT DISCUSSIONS AND ADR (L.R. 26-1(C); L.R. 16-15):

The parties have previously engaged in settlement discussions. BackGrid believes an early mediation may assist in a resolution of this matter. Citizens believes discovery is necessary before any ADR can be productive. The parties select ADR Procedure Number 2 (Court Mediation Panel).

## IV. DISCOVERY PLAN

### A. Initial Disclosures (F.R.C.P. 26(f)(3)(A))

The parties have agreed to exchange initial disclosures under Rule 26(a)(1) by October 10, 2019. The parties do not believe that any other changes in the disclosures under Fed. R. Civ. P. 26(a) should be made.

### B. Subjects On Which Discovery May Be Needed (F.R.C.P. 26(f)(3)(B))

Discovery will be need on at least the following topics: (1) the creation, ownership, and registration of the subject copyrighted photographs; (2) Defendant's knowledge of the subject photographs; (3) Defendant's alleged infringement of Plaintiff's copyrights; (4) the affirmative defenses asserted by the parties; (5) communications or lack thereof with Instagram, LLC; and (6) damages.

### C. Discovery Cut-Off Date (F.R.C.P. 26(f)(3)(B))

The parties propose a fact discovery cut-off of March 20, 2020, and an expert discovery cutoff of May 15, 2020.

### D. Phased Discovery (F.R.C.P. 26(f)(3)(B))

The parties request that the Court bifurcate discovery such that expert discovery occurs after the close of fact discovery.

### E. Electronically Stored Information (F.R.C.P. 26(f)(3)(C))

The parties agree that electronically stored information ("ESI") should be produced in its native electronic format with all metadata intact where possible. The parties intend to negotiate an ESI protocol to present to the Court for approval. Plaintiff is currently preparing that proposal.

### F. Issues About Claims of Privilege or Other Protection (F.R.C.P. 26(f)(3)(D))

The parties anticipate submitting a stipulated protective order to the Court for approval. The parties agree the protective order should be two tiered, and that it contain a clawback for inadvertently produced privileged material pursuant to modified Fed. R. Evid. 502 procedures.

### G. Changes to Limitations to Discovery (F.R.C.P. 26(f)(3)(E))

The parties agree that expert depositions should not count against the total limit of depositions.

The parties do not otherwise believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Court's Local Rules, nor do the parties believe that other limitations should be imposed on discovery.

### H. Any Other Orders That The Court Should Issue Under Rule 26(c) or Under Rule 16(b) and (c) (F.R.C.P. 26(f)(3)(F))

The parties do not anticipate any proposal or issue regarding special procedures, severance, bifurcation, or other ordering of proof.

## V. ISSUES CONTEMPLATED BY L.R. 26-1

The parties do not believe that the Court need adopt any procedures from the Manual for Complex Litigation. L.R. 26-1(a).

The parties propose that initial expert reports under Fed. R. Civ. P. 26(a)(2) should be due 10 days after the close of fact discovery (if the Court bifurcates fact and expert discovery) as shown below. The parties further agree that rebuttal reports shall be due 21 days after initial reports are served.

The remaining issues contemplated by Local Rule 26-1 are discussed elsewhere in this report.

## VI. TRIAL AND OTHER DATES

The parties propose the following dates:

| Event | Parties' Proposal |
|---|---|
| Fact Discovery Cutoff | March 20, 2020 |
| Initial Expert Reports | March 30, 2020 |
| Rebuttal Expert Reports | April 20, 2020 |
| Expert Discovery Cutoff | May 15, 2020 |
| Motion Hearing Cutoff | July 20, 2020 |

| Final Pretrial Conference | August 17, 2020 |
|---|---|
| Trial | September 1, 2020 |

The parties currently anticipate that trial will last 4 days and will be a jury trial.

DATED: October 10, 2019              TUCKER ELLIS LLP


By:   /s/Steven E. Lauridsen
      Brian K. Brookey
      Steven E. Lauridsen

      Attorneys for Plaintiff and Counter-defendant,
      BACKGRID USA, INC.


DATED: October 10, 2019              BROWNE GEORGE ROSS LLP


By:   /s/Keith J. Wesley
      Peter W. Ross
      Keith J. Wesley

      Attorneys for Defendant and Counterclaimant,
      CITIZENS OF HUMANITY, LLC


### FILER'S ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.

                          /s/Steven E. Lauridsen